IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 04-cr-00341-REB-01

UNITED STATES OF AMERICA,

          Plaintiff,

v.

BRIAN VON BEHREN,

          Defendant.
_____

**MOTION TO LIMIT SCOPE OF MARCH 21 HEARING**
_____

          Brian Von Behren, by and through undersigned counsel, hereby moves to limit

the scope of the March 21, 2014 hearing (as detailed more thoroughly herein), and in

support thereof, states as follows:

          1.          On March 14, 2014, the Probation Department filed a Petition for Issuance

of Summons on Supervised Release (the "Petition").  The Probation Department has

sought to add four additional conditions to Mr. Von Behren's supervised release.  One

such condition is that Mr. Von Behren reside in a residential reentry center ("RRC") for a

period of up to 180 days.  The Probation Department claims that this condition is

necessary because the sex offender treatment provider requested by the Probation

Department, RSA, Inc. ("RSA"), will not accept Mr. Von Behren into its program unless

Mr. Von Behren is in an RRC.

          2.          On March 19, 2014, this Court set the matter for hearing on March 21,

2014.  Undersigned counsel understands that the Probation Department requested an

expedited hearing because it was concerned about Mr. Von Behren being released to the community without being in an RRC.  The March 21 date was requested because that is the date that Mr. Von Behren is to be released from the Bureau of Prisons ("BOP").

3.      The issues raised by the modification are complex.  Initially, the defense is conducting its own investigation to determine whether a different treatment provider would accept Mr. Von Behren without requiring Mr. Von Behren to reside in an RRC. The defense does not believe that such an investigation can be completed by the March 21 hearing date.

4.      Moreover, the defense has serious concerns about the constitutionality of some of the conditions required by RSA.  For example, RSA requires all of its individuals in therapy to take polygraph tests and then questions these individuals about potential criminal activity.  The individual is told that there is no privacy with respect to the answers, and that the answers may be turned over to the Probation Department or to law enforcement agencies.  If the individual refuses to take the polygraph, then he is in violation of RSA's rules and, ultimately, faces the potential threat of revocation of supervised release.  The defense maintains that such restrictions force compulsory statements, in violation of the Fifth Amendment.  *See United States v. Bahr*, 730 F.3d 963, 967 (9th Cir. 2013).

5.      Third, the defense maintains that requiring Mr. Von Behren to accept all of the conditions imposed by RSA as a condition of his supervised release constitutes impermissible delegation to the Probation Officer (or worse, to RSA) of the conditions of

supervised release.  The original condition of supervised release states that Mr. Von Behren shall participate in a sex offender evaluation and treatment, and that such program may include polygraph, plethysmograph and Abel examinations, as directed by the probation officer.  Beyond this, however, there are numerous conditions that RSA requires that have not been imposed by this Court.  For example, it is not uncommon for RSA to require individuals to: (1) have no contact (including verbal or visual) with anyone under eighteen years of age, (2) not attend any dating service, even ones that are available only to adults, (3) not frequent any place where pornography is sold (which would include virtually every bookstore), (4) not access a computer or the internet (as opposed to this Court's explicit order which only requires Mr. Von Behren to notify the probation officer of internet usage and allow searches of personal computers), (5) to be honest at all times, and (6) notify RSA of the individual's location at all times.[1]  To allow RSA or the Probation Department to bootstrap these conditions into Mr. Von Behren's supervised release conditions constitutes impermissible delegation, *see generally United States v. Mike*, 632 F.3d 686, 695-96 (10th Cir. 2011), and constitutes a greater deprivation of liberty than is reasonably necessary, *see generally* 18 U.S.C. § 3583(d)(2).  Indeed, as outlined above, the RSA contract places a more restrictive internet usage condition than the one that this Court imposed at the time of sentencing.

6.      Finally, Mr. Von Behren has a minor sister with whom he would like to have supervised visits.  During all visits, one of the sister's parents would be present.

_____

[1] Mr. Von Behren has not yet begun his supervised release.  As a result, the defense does not have the specific conditions that RSA will require in his case.

3

The defense would be willing to accept additional conditions to insure the safety of the sister.  The defense would like to raise this issue with the Court.

7.      As detailed above, the issues surrounding the modification are complex and require additional research and investigation.  Moreover, the prosecution and Probation Department should be given a fair amount of time to respond to the issues raised herein.  The defense asks the Court to set a briefing schedule, and then have a hearing in mid/late April to fully address the issues posed by the Petition and raised herein.

8.      That said, the defense is cognizant of the Probation Department's concerns and has no objection to having a hearing on March 21 to address whether Mr. Von Behren's supervised release should be modified to require RRC placement until a fuller hearing can be conducted in mid/late April.  As a result, the defense asks the Court to limit the March 21 hearing to this limited issue, and set another hearing in mid/late April to address all of the issues raised in the Petition and the instant Motion. The defense believes that this will enable the defense to fully research and investigate the issues raised herein, while still addressing the Probation Department's immediacy concerns.

9.      Undersigned counsel has contacted Assistant United States Attorney Valeria Spencer and Ms. Spencer opposes this request.

4

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender, Interim


s/ Scott T. Varholak
SCOTT T. VARHOLAK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott_Varholak@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Valeria Spencer, Assistant U.S. Attorney
Email: valeria.spencer@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

s/ Scott T. Varholak
SCOTT T. VARHOLAK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott_Varholak@fd.org
Attorney for Defendant