IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 04-cr-00341-REB-01

UNITED STATES OF AMERICA,

       Plaintiff,

v.

BRIAN VON BEHREN,

       Defendant.

_____

**DEFENDANT'S OBJECTION TO INCORPORATION OF RSA, INC. REQUIREMENT THAT DEFENDANT HAVE NO CONTACT WITH HIS SISTER INTO THE CONDITIONS OF HIS SUPERVISED RELEASE AND MOTION FOR ORDER THAT HE MAY HAVE SUPERVISED CONTACT WITH HIS SISTER WITHOUT VIOLATING SUPERVISED RELEASE**
_____

      Brian Von Behren, by and through undersigned counsel, submits the following Objection to Incorporation of RSA, Inc. Requirement that Mr. Von Behren Have No Contact with His Sister into the Conditions of His Supervised Release and Motion for Order that He May Have Supervised Contact with His Sister without Violating Supervised Release ("Motion").

**I.**      **Background**

      The Court and Government are familiar with the background of this case, as detailed in the Court's Order Concerning Petition for Modification of Terms of Supervised Release, Objections to Terms of Supervised Release, and Motion to Modify Conditions of Supervised Release [Doc. 79] ("8/26/14 Order").  The instant Motion deals only with the portion of the Court's Order denying Mr. Von Behren's objection to the

portion of the RSA Contract prohibiting Mr. Von Behren from having any contact with his minor sister.  The Court denied the objection as not ripe, holding that Mr. Von Behren could first submit an application to RSA for permission to visit his sister.

On September 11, 2014, Mr. Von Behren submitted a safety plan/request for permission to have supervised contact with his sister ("Permission Request").[1]  In the Permission Request, Mr. Von Behren requests permission to have contact with his sister "in the presence of one or both of our parents.  I will not have any unsupervised contact."  He explains that the location of the request will be mostly at his parents' home.  If, during the course of the visit one his parents must leave, Mr. Von Behren agreed to leave too.

In the Permission Request, Mr. Von Behren recognizes the potential danger of having contact with other minors (such as friends visiting his sister).  To avoid this danger, he says that he will call his parents just prior to any visit to guarantee that no other children are present.  Moreover, he states that, if any other children arrive, he will not interact with the other child and will leave the home.

On September 16, 2014, RSA denied this Permission Request, stating: "client doesn't meet [sic] 5.7 criteria through the state @ this time.  Client can resubmit safety plan in future once he meets state's requirement for such contact."  The reference to 5.7 is a reference to Section 5.7 of the Standards and Guidelines for the Assessment,

---

[1] Because the Permission Request contains personal identifying information, the defense is not submitting it with the instant motion.  The Permission Request is available for inspection and can be made available to the Court's chambers.  All relevant portions are cited herein.

Evaluation, Treatment and Behavioral Monitoring of Adult Sex Offenders ("SOMB Standards").[2]  RSA's rejection does not indicate which Section 5.7 criteria Mr. Von Behren has failed to meet.

Pursuant to Section 5.700, a convicted sex offender may not have any contact with any minor children unless he meets the criteria stated in Section 5.740.[3]  Section 5.740, in turn, lists several factors that must be met with respect to the minor child before the offender can have contact with the minor child.  Amongst the factors that must be met are that "[t]he offender has yielded non-deceptive results in all required areas of the sexual history disclosure polygraph exam."  Because this Court has previously sustained Mr. Von Behren's objection to the sexual history disclosure polygraph, the requirement that he complete the polygraph before having contact with his minor sister creates an impermissible Catch-22: Mr. Von Behren must either waive his Fifth Amendment rights or accept a complete ban on contact with his sister.[4]

---

[2] The SOMB standards are available at https://docs.google.com/a/state.co.us/file/d/0ByCqXGmcaW-aMXNINkppblhRRUU/edit?pli=1.  Relevant portions are attached hereto as Exhibit A.

[3] An exception exists for contact with a sex offender's own minor child, but does not appear to extend to immediate siblings.

[4] Section 5.780 states that the criteria of Section 5.740 may be waived in "**rare**" circumstances (emphasis in original).  Obviously, such a waiver did not occur in Mr. Von Behren's case.

## II.     Argument

### A.     Allowing RSA to determine whether Mr. Von Behren may have contact with his sister constitutes improper delegation.

The imposition of conditions of supervised release is governed by 18 U.S.C. § 3583(d).  That Section provides that the Court may order a special condition of supervised release, provided such condition:

(1)     is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

(2)     **involves no greater deprivation of liberty than is reasonably necessary** for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3)     is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a).

18 U.S.C. § 3583(d) (emphasis added).  Interpreting this Section, the Tenth Circuit has required "conditions of supervised release to be linked to the offense and be no broader than necessary to rehabilitate the defendant and protect the public."  *See United States v. Smith,* 606 F.3d 1270, 1282 (10th Cir. 2010).

Importantly, it is the district court and not a probation officer (or worse, a third-party treatment provider such as RSA) that must engage in the Section 3583(d) analysis.  It is true that probation officers are granted broad authority to "advise and supervise probationers."  *United States v. Mike,* 632 F.3d 686, 695 (10th Cir. 2011) (*citing United States v. Pruden,* 398 F.3d 241, 250 (3rd Cir. 2005)).  But, there are limits to this authority.  For example, "Article III prohibits a judge from delegating the duty of imposing the defendant's punishment to the probation officer." *Mike,* 632 F.3d at 695. As the Tenth Circuit has explained:

4

> In determining whether a particular delegation violates this restriction, courts distinguish between those delegations that merely task the probation officer with performing ministerial acts or support services related to the punishment imposed and those that allow the officer to decide the nature or extent of the defendant's punishment.  Delegations that do the former are permissible, while those that do the latter are not.

*Id.*  (internal citations omitted).

Allowing a probation officer to impose a condition that affects a significant liberty interest is "tantamount to allowing him to decide the nature or extent of the defendant's punishment."  *Id.* at 696.  The Tenth Circuit has recognized several specific conditions that affect a significant liberty interest, and may therefore only be imposed by the Court.  These include requiring participation in residential treatment, requiring penile plethysmographic testing, and the forced administration of psychotropic medication.  *Id.*; *see also United States v. Fivaz,* 521 Fed. Appx. 696, 701-02 (10th Cir. April 15, 2013) (unpublished).  This list, however, is non-exhaustive.  Rather, "any condition that affects a significant liberty interest . . . must be imposed by the district court and supported by particularized findings that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish sentencing goals." *Mike,* 632 F.3d at 696.

As detailed below, prohibitions on contact with immediate family members constitute a significant restriction on an individual's freedom of association.  *See infra* Part II.B.  Given the significance of such a restriction, it should be the Court and not RSA that determines whether such a restriction constitutes no greater deprivation of liberty than reasonably necessary to accomplish sentencing goals.  Allowing RSA to make such a decision constitutes impermissible delegation and should be rejected.

5

**B.    A complete ban on Mr. Von Behren having any contact with his sister constitutes a greater deprivation of liberty than necessary and impermissibly impinges on Mr. Von Behren's right to association.**

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of people peaceably to assemble, and to petition the Government for a redress of grievance." U.S. Const. amend. I.  Restrictions on association with family members implicate the First Amendment's guarantee of freedom of association.  In *Smith*, the defendant was convicted of sexual assault and the Tenth Circuit acknowledged that Mr. Smith's behavior "demonstrat[ed] his capacity to prey on essentially incapacitated young women." 606 F.3d at 1284.  The district court imposed a special condition that limited Mr. Smith's contacts with children. *Id.* at 1283.  The Tenth Circuit upheld the condition, except as it related to Mr. Smith's contact with his own child. *Id.* at 1283-84.  According to the Court, "special conditions that interfere with the right of familial association can do so only in compelling circumstances." *Id.* at 1284.  The Tenth Circuit remanded to the district court to determine whether such compelling circumstances existed in that case. *Id.*

Similarly, in *United States v. Voelker,* 489 F.3d 139 (3[d] Cir. 2007)*,* there was evidence that the defendant exploited his own child. *Id.* at 154.  Nonetheless, the Court opined that a lifetime ban on an association with a minor that extended to the defendant's own children would be a "severe intrusion," and remanded to the district court for clarification as to whether the district court intended to impose such a ban. *Id.* While such a ban was not necessarily unconstitutional, to terminate a parent's rights,

6

there would need to be "sufficient evidence to support a finding that children are potentially in danger from their parents . . . ." *Id.* (internal quotations omitted); *see also United States v. Loy*, 237 F.3d 251, 266 (3ᵈ Cir. 2001) (*Loy II*) (same).

Mr. Von Behren's history does not reflect, nor has probation or RSA alleged, any exploitation of his sister.  As a result, this condition is not reasonably related to the nature and circumstances of Mr. Von Behren and his offense, and it constitutes a greater deprivation of liberty than is reasonably necessary to afford adequate deterrence to criminal conduct.  Further, this condition is a violation of Mr. Von Behren's First Amendment right to freedom of association and is not overridden by a compelling government interest.

This Court can impose a more narrowly-tailored condition to assure the safety of his sister and the community.  Mr. Von Behren's Permission Request contained a detailed plan that guaranteed that Mr. Von Behren's contact with minors be limited to his sister and be under constant parental supervision.  Such a condition will assure the safety of Mr. Von Behren's sister and the community.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ Scott T. Varholak
SCOTT T. VARHOLAK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott_Varholak@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Valeria Spencer, Assistant U.S. Attorney
Email: valeria.spencer@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Walter Vanni, United States Probation Officer (via email)

s/ Scott T. Varholak
SCOTT T. VARHOLAK
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott_Varholak@fd.org
Attorney for Defendant

8