IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 04-CR-00341-REB

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

BRIAN VON BEHREN,

    Defendant.

---

**REPORTER'S TRANSCRIPT**
(Status Conference)

---

Proceedings before the HONORABLE ROBERT E. BLACKBURN, Judge, United States District Court for the District of Colorado, occurring at 2:39 p.m., on the 28th day of August, 2014, in Courtroom A1001, United States Courthouse, Denver, Colorado.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Tracy Weir, 901 19th Street, Room A258, Denver, Colorado, 80294, (303) 298-1207

|    |                                                                                   |
|----|-----------------------------------------------------------------------------------|
| 1  | **APPEARANCES**                                                                   |
| 2  | VALERIA SPENCER, Assistant U.S. Attorney, 1225 17th                               |
| 3  | Street, Suite 700, Denver, Colorado, 80202, appearing for the                     |
| 4  | plaintiff.                                                                        |
| 5  | SCOTT VARHOLAK, Assistant Federal Public Defender ,                               |
| 6  | 633 17th Street, 10th Floor, Denver, Colorado, 80202, appearing                   |
| 7  | for the defendant.                                                                |
| 8  | * * * * *                                                                         |
| 9  | **PROCEEDINGS**                                                                   |
| 10 | (In open court at 2:39.)                                                          |
| 11 | *THE COURT:* Good afternoon, and thank you.  Please be                            |
| 12 | seated.                                                                           |
| 13 | As set, we open the record in 04-cr-00341, which                                  |
| 14 | continues to be identified as United States of America versus                     |
| 15 | Brian Von Behren.                                                                 |
| 16 | We convene as constituted to conduct a status                                     |
| 17 | conference.  Commencing with the Government and transitioning                     |
| 18 | to the defense, lady and gentleman, may I have your                               |
| 19 | appearances, please.                                                              |
| 20 | Ms. Spencer.                                                                      |
| 21 | *MR. SPENCER:* Good afternoon, Your Honor. Valeria                                |
| 22 | Spencer on behalf of the United States.                                           |
| 23 | *THE COURT:* Good afternoon.                                                      |
| 24 | *MR. VARHOLAK:* Good afternoon, Your Honor. Scott                                 |
| 25 | Varholak, assistant federal public defender, on behalf of                         |

1  Mr. Von Behren, who is present on supervised release.

2        *THE COURT:*  Good afternoon.

3        *MR. VARHOLAK:*  And Laura Suelau is also present with
4  us.

5        *THE COURT:*  And good afternoon.

6        Also present importantly and relevantly is the
7  supervising probation officer, Walter Vanni.  Good afternoon.

8        *MR. VANNI:*  Good afternoon.

9        *THE COURT:*  As result of the entry by this Court of
10  its order, document 79, on August 26, 2014, the Court conducts
11  this status conference without a firm understanding of either
12  the need for the conference or the contours of the status
13  conference.

14        To the extent the parties want to be heard by way of
15  question, not motion to reconsider, I'll entertain a motion of
16  the status of this matter.  Hearing from the Government, if I
17  may, please.

18        Ms. Spencer.

19        *MR. SPENCER:*  Thank you, Your Honor.

20        *THE COURT:*  You're welcome.

21        *MR. SPENCER:*  I've had the opportunity to carefully
22  study your order, document 79, entered on August 26, and to
23  review that with my office and then today in a conference call
24  with several members of the United States probation office with
25  an eye towards understanding the impact and what needs to be

```
 1  done next and to fully digest the Court's orders.
 2          I do have a few questions, if I might.  The order that
 3  begins on page 33 that goes through the specifics -- and I want
 4  to go through it in reverse, if you will.  On page 33 at the
 5  bottom you talk about the condition permitting search and
 6  monitoring of computers.
 7          At the bottom of that, you indicate that the objection
 8  is sustained pending a showing by the Government of a purpose
 9  of this provision tethered specifically to Mr. Von Behren.  I
10  wasn't sure if the Court was then inviting the Government to
11  ask, which we will if you are, for an evidentiary hearing to
12  put on a showing of the purpose of that provision as it is
13  specifically tethered to Mr. Von Behren.
14          THE COURT:  As with this case -- and I apologize for
15  interrupting.  With respect to this proposed condition of
16  supervised release, as with, I suspect, even more importantly
17  the proposed condition requiring plethysmographic,
18  phallometric, testing, this Court's ruling is essentially there
19  is a lack of evidence in the record tied specifically to
20  Mr. Von Behren and the need for that condition of supervised
21  release for the -- for that which is required under Section
22  3583(e), including deterrence, public protection, treatment,
23  and, of course, rehabilitation.
24          So, hopefully, that answers this specific question and
25  one that you may have with plethysmographic testing.
```

```
 1              Now, it's not an invitation for the Government to do
 2    anything, but it's not a disinvitation or a disincentive for
 3    either the Government or the defendant to react, including, but
 4    not limited to, requests for further hearing.
 5              MR. SPENCER:  On that specific issue, we are making a
 6    request for further hearing so we can fully amplify the record
 7    as to that issue.
 8              THE COURT:  I would respectfully request, of course,
 9    you reduce your request to writing.
10              MR. SPENCER:  Yes.  Just for purposes of status, I
11    wanted to give the Court a little road map where we might be
12    headed.
13              THE COURT:  Yes.  Thank you.
14              MR. SPENCER:  Moving my way up through the list, the
15    next one is plethysmograph testing.  I can tell Your Honor in
16    this specific instance as it relates to Mr. Von Behren, we are
17    not going to take any further steps.
18              In speaking with probation, testing had already been
19    done that did not include the plethysmograph on Mr. Von Behren,
20    and they are satisfied they do not need to undergo further
21    testing.  That won't be part of the special conditions of
22    supervised release, obviously in comport with Your Honor's
23    order.  We are not seeking to introduce further evidence on
24    that specific condition.  So that is done.
25              THE COURT:  All right.
```

1  *MR. SPENCER:* As to the top issue, and I say that with
2  many meanings to it, the polygraph issue really is the tough
3  nugget for the Government, for probation, for the sex offender
4  provider.  We've had lengthy discussions about that specific
5  issue.
6           I can tell the Court I believe that there are ways
7  that we can make this work and comport with the Court's order,
8  but I'm not ready to say that definitively.  That's by way of
9  saying, and I'll reduce this to writing as well, that we would
10 like an opportunity to try and work around this, and perhaps it
11 may be necessary to provide additional testimony on it.
12          I'm not quibbling with the Court's order.  I
13 completely understand it.  We're now between a rock and a hard
14 place with the sex offender treatment program and their are
15 requirements for polygraphs and how they have to be done and
16 seeing if there are ways to comport with the Court's order and
17 see if they still have the appropriate sex offender treatment.
18 Those conversations are just not complete at this juncture.
19          If I may have a moment.
20          *THE COURT:* You may, of course.
21          *MR. SPENCER:* In terms of a question -- this really
22 comes from probation -- on page 34, paragraph 4, there are
23 issues listed not yet ripe for ruling, the dating restrictions,
24 no contact with minors restriction, and internet restriction.
25          Probation pointed me to page 32 of the Court's order,

1  and it says, at the final full paragraph, "To the extent RSA or
2  the probation department may seek to impose significant limits
3  on the right to association of Mr. Von Behren via the dating
4  restriction, the restriction on day-to-day activities, and the
5  no contact with minors restriction, the probation department
6  must seek the approval of the Court before imposing such
7  restrictions."
8            That left them with the question of, is there
9  something else that, if it's not ripe, it's done, and if it's
10 imposed significant limits beyond what's already in the
11 contract, they should return to the Court.
12           *THE COURT:*  Well, I find myself in the position of not
13 having sufficient evidence or information about what the
14 probation is actually going to do to address that objection or
15 that request, as the case may be, definitively and completely.
16 Thus, this is a judicial hedge.  Once I know, once the defense
17 knows what probation will do or not do with respect to those
18 proposed conditions, it may precipitate and foment further
19 adjudication and litigation.
20           *MR. SPENCER:*  I understand. Those are my issues in
21 terms of the order as it impacts the Government in the way I
22 read it.  It was the polygraph, plethysmograph, and computer
23 monitoring issues that were issues for the Government.  Thank
24 you.
25           *THE COURT:*  Very well.  Thank you.

1          MR. VARHOLAK: Thank you, Your Honor. Mine is very
2    brief. Essentially, most of the things that the Court didn't
3    rule in our favor that most concerned Mr. Von Behren, the Court
4    largely ruled right. I think what will happen from our
5    perspective is -- the dating restriction. If the situation
6    arises where he wants to date somebody and is being denied that
7    opportunity, we'll file something back with the Court.
8          Same with the job situation. If a job opportunity
9    arises and it's either being denied or they want to impose the
10   monitoring on a work computer, we'll raise that with the Court.
11         With his sister situation, he is going to, I think, go
12   through RSA, ask for approval. If that's denied -- we believe
13   it will be because he hasn't completed the sexual test, the
14   polygraph portion. If that happens and it's denied, that will
15   come back to the Court. That way it will give the Court
16   something more framed and better adjudicated at that point.
17         That's the only comments I had. I don't think I had
18   any questions beyond what's been answered.
19         THE COURT: With respect to those issues, I saw those
20   framed either by the probation department, with the assistance
21   of the Government, of course, and/or by the defense.
22         Very well. I presume, therefore, no further business
23   to come before the Court in the context of this matter. Thus,
24   Counsel, a pleasure, as always.
25         Please close the record in this case. The Court is in

1 recess.
2      Madam Clerk.
3      (Court stood in recess at 2:49.)
4           * * * * *
5      **REPORTER'S CERTIFICATE**
6   I certify that the foregoing is a correct transcript from
7 the record of proceedings in the above-entitled matter.  Dated
8 at Denver, Colorado, this 5th day of March, 2015.

                                    *S/Tracy Weir*
                                     Tracy Weir