APPEAL,TERMED

# U.S. District Court
## District of Colorado (Denver)
## CRIMINAL DOCKET FOR CASE #: 1:04–cr–00341–REB–1

Case title: USA v. Von Behren

Date Filed: 08/10/2004
Date Terminated: 03/31/2005

Assigned to: Judge Robert E. Blackburn

Appeals court case numbers: '05–1165', 15–1033 USCA10

### Defendant (1)

**Brian Von Behren**
*TERMINATED: 03/31/2005*

represented by **Scott Thomas Varholak**
Office of the Federal Public Defender–Denver
633 Seventeenth Street
Suite 1000
Denver, CO 80202
303–294–7002
Fax: 303–294–1192
Email: Scott_varholak@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**John T. Carlson**
Office of the Federal Public Defender
633 Seventeenth Street
Suite 1000
Denver, CO 80202
303–294–7002
Fax: 303–294–1192
Email: John_Carlson@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: 10th Circuit Special Designation*

### Pending Counts

18:2251.F ADVERTISEMENT OF CHILD PORNOGRAPHY
(1)

18:2252A.F ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO
(2)

### Disposition

deft shall be impr. for 121 mos.; Court Recommends that the BOP place the deft in its facilty at FCI, Butner; 3 yrs. sup. rel; deft shall participate in an approved prog. of sex offender eval., trtmt, therapy, counseling, testing or education and shall pay the costs; deft shall

notify p.o. of all computers or internet access he has access and shall allow unannounced exams of the data stored on the defts personal computer; deft shall register with the state sex offender registration agency in any state where deft resides, works or is a student; $100 to CVF due immediately; the govt may and shall proceed on consummate forfeiture, consistent w/the defts admission to ct. 4 of the IND; deft shall surrender to desig. instit. by noon on 5/2/05; the pre–sentence confinment shall be determined by the BOP;

18:2252A.F ACTIVITIES RE
MATERIAL
CONSTITUTING/CONTAINING
CHILD PORNO
(3)

18:2253.F CRIMINAL FORFEITURE
IN VIOLATION OF EXPLOITATION
OF MINORS
(4)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| **USA** | represented by | **Valeria Neale Spencer** |
|---|---|---|
| | | U.S. Attorney's Office–Denver |
| | | 1225 17th Street |
| | | Suite 700 |
| | | Denver, CO 80202 |
| | | 303–454–0100 |
| | | Fax: 303–454–0402 |
| | | Email: Valeria.Spencer@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

*Designation: Federal Agency Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/10/2004 | 1 | | INDICTMENT by USA Counts filed against Brian Von Behren count(s) 1, 2–3, 4 (nmb). Modified on 3/16/2015 to attach pleading (alowe). (Entered: 08/11/2004) |
| 11/16/2004 | 20 | | UNOPPOSED MOTION to Amend Conditions of Pretrial Release by Brian Von Behren. (ecm, ) (Entered: 11/22/2004) |
| 11/18/2004 | 21 | | MINUTE ORDER; GRANTING 20 Motion to Modify Conditions of Release as to Brian Von Behren (1); defts bond is modified to allow him to return home on a 6 hr. pass on both Thanksgiving and Christmas and have supervised visiting w/his parents and minor siblings Magistrate Judge Patricia A. Coan on 11/18/04. (ecm, ) (Entered: 11/24/2004) |
| 01/11/2005 | 22 | | Minutes for Change of Plea Hearing held before Judge Robert E. Blackburn as to Brian Von Behren: GUILTY Plea entered to Count 2 by Brian Von Behren (1); any pendings pretrial motions are DENIED as MOOT; any trial is VACATED; Sentencing set for 3/25/2005 11:00 AM before Judge Robert E. Blackburn; bond cont'd. (Court Reporter Suzanne Claar.) (nmb, ) (Entered: 01/14/2005) |
| 01/11/2005 | 23 | | PLEA AGREEMENT as to Brian Von Behren (nmb) Modified on 3/17/2015 to attach pleading (alowe). (Entered: 01/14/2005) |
| 01/11/2005 | 24 | | STATEMENT IN ADVANCE OF PLEA OF GUILTY by Defendant Brian Von Behren (nmb) . Modified on 3/17/2015 to attach pleading (alowe). (Entered: 01/14/2005) |
| 01/19/2005 | 25 | | MOTION for Preliminary Order of Forfeiture by USA as to Brian Von Behren. (ecm, ) (Entered: 01/21/2005) |
| 01/19/2005 | 26 | | ORDER; GRANTING 25 Motion for Preliminary Order of Forfeiture as to Brian Von Behren . Signed by Judge Robert E. Blackburn on 1/19/05. (ecm, ) (Entered: 01/21/2005) |
| 02/18/2005 | 27 | | Sentencing Letter; PSI sent to counsel of record by probation re Brian Von Behren; (ecm, ) (Entered: 02/24/2005) |
| 03/09/2005 | 28 | | UNOPPOSED MOTION to Continue Sentencing by Brian Von Behren. (ecm, ) (Entered: 03/11/2005) |
| 03/09/2005 | 29 | | MINUTE ORDER by Judge Robert E. Blackburn GRANTING 28 UNOPPOSED MOTION to Continue Sentencing as to Brian Von Behren (1); Sentencing RESET for 3/31/05 1:30 PM. (nmb, ) (Entered: 03/11/2005) |
| 03/23/2005 | 30 | | Sentencing Letter; Addendum to PSI sent to counsel of record by probation re Brian Von Behren (mjg, ) (Entered: 03/25/2005) |
| 03/31/2005 | 31 | | Minutes of Sentencing before Judge Robert E. Blackburn: Sentencing as to Brian Von Behren (1) on Count 2; deft shall be impr. for 121 mos.; Court Recommends that the BOP place the deft in its facilty at FCI, Butner; 3 yrs. sup. rel; deft shall participate in an approved prog. of sex offender eval., trtmt, therapy, counseling, testing or education and shall pay the costs; deft |

| | | | |
|---|---|---|---|
| | | | shall notify p.o. of all computers or internet access he has access and shall allow unannounced exams of the data stored on the defts personal computer; deft shall register with the state sex offender registration agency in any state where deft resides, works or is a student; $100 to CVF due immediately; the govt may and shall proceed on consummate forfeiture, consistent w/the defts admission to ct. 4 of the IND; deft shall surrender to desig. instit. by noon on 5/2/05; the pre−sentence confinment shall be determined by the BOP; (Court Reporter Suzanne Claar.) (ecm, ) (Entered: 04/01/2005) |
| 03/31/2005 | 32 | | MOTION for Decrease in Defendant's Offense Level for Acceptance of Responsibility by USA as to Brian Von Behren. (ecm, ) (Entered: 04/01/2005) |
| 03/31/2005 | 33 | | MOTION to Dismiss Counts 1, 3 &5 by USA as to Brian Von Behren. (ecm, ) (Entered: 04/01/2005) |
| 03/31/2005 | 34 | | EXHIBITS In Support of 31 Sentencing by USA as to Brian Von Behren (SEALED) (ecm, ) (Entered: 04/01/2005) |
| 04/05/2005 | 35 | | JUDGMENT as to defendant Brian Von Behren signed by Judge Robert E. Blackburn on 4/4/05, Criminal Case Terminated; eod 4/7/05. (nmb) Modified on 3/17/2015 to attach pleading (alowe). (Entered: 04/07/2005) |
| 04/06/2005 | 36 | | NOTICE OF APPEAL by Brian Von Behren re 35 Judgment on 4/5/05. Fee Status: FPD. Notice mailed to all counsel on 4/7/05. Designation due by 4/26/2005. Transcript Order Form due by 4/20/2005. (djs, ) (Entered: 04/07/2005) |
| 04/11/2005 | 37 | | USCA Case Number as to Brian Von Behren 05−1165 for 36 Notice of Appeal filed by Brian Von Behren. (djs, ) (Entered: 04/12/2005) |
| 04/12/2005 | 38 | | TRANSCRIPT ORDER FORM filed by appellant Brian Von Behren for proceedings held on 1/11/05 and 3/31/05 re 36 Notice of Appeal. TOF not signed by court reporter Suzanne Claar. (djs, ) (Entered: 04/13/2005) |
| 04/12/2005 | 39 | | DESIGNATION OF RECORD ON APPEAL by Brian Von Behren re 36 Notice of Appeal. (djs, ) (Entered: 04/13/2005) |
| 04/15/2005 | 40 | | ORDER to Surrender as to Brian Von Behren; deft shall surrender to FMC, Devens, Ayers, MA on 5/2/05 by noon and will travel at his own expense . Signed by Judge Robert E. Blackburn on 4/13/05. (ecm, ) (Entered: 04/20/2005) |
| 04/18/2005 | 41 | | Certificate of Service re 40 Order To Surrender In Lieu Of Transportation By USM re Brian Von Behren (mjg, ) (Entered: 04/21/2005) |
| 05/04/2005 | 42 | | REPORTER TRANSCRIPT ORDER FORM filed by Suzanne Claar; Transcripts ordered 1/11/05 and 3/31/05; re 36 Notice of Appeal. TOF deadline terminated. Transcript due by 6/2/2005. (djs, ) (Entered: 05/05/2005) |
| 05/13/2005 | 43 | | TRANSCRIPT of Hearing on Change of Plea filed as to Brian Von Behren for dates of 1/11/05 before Judge Blackburn, re 36 Notice of Appeal. Prepared by: Suzanne Claar. Pages: 1−31. (certified copy) (djs, ) (Entered: 05/16/2005) |

| | | | |
|---|---|---|---|
| 05/13/2005 | 44 | | TRANSCRIPT of Hearing on Sentencing filed as to Brian Von Behren for dates of 3/31/05 before Judge Blackburn, re 36 Notice of Appeal. Prepared by: 5/13/05. Pages: 1–38. (certified copy).(djs, ) (Entered: 05/16/2005) |
| 05/16/2005 | 45 | | Record on Appeal volume I–V (vol. IV sealed pleading #34, vol. V sealed PSI) transmitted to US Court of Appeals as to Brian Von Behren re 36 Notice of Appeal. (djs, ) (Entered: 05/16/2005) |
| 05/23/2005 | 46 | | Judgment Returned Executed as to Brian Von Behren on 5/2/05; deft surrendered to FMC, Devens, Massachusetts (ecm, ) (Entered: 05/31/2005) |
| 01/17/2006 | 47 | | MANDATE of USCA (certified copy) issued on 1/17/06 as to Brian Von Behren re 36 Notice of Appeal. USCA order and judgment dated 12/23/05 affirming the USDC judgment. (djs, ) (Entered: 01/18/2006) |
| 12/27/2006 | 48 | | BOND EXONERATED as to Brian Von Behren; $20,000 Unsecured (mjg, ) (Entered: 12/27/2006) |
| 02/08/2008 | 49 | | Appeal Record Returned : Volumes 1 – 5 re 36 Notice of Appeal as to Brian Von Behren. Volume 5 is the sealed PSI. USCA case no. 05–1165. Text Only Entry – No Document Attached (bjr2, ) (Entered: 02/11/2008) |
| 02/12/2008 | 50 | | Letter from Probation re receipt of original Pre–sentence report as to notice of appeal by Brian Von Behren. (bjr2, ) (Entered: 02/13/2008) |
| 03/07/2014 | 51 | | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Brian Von Behren. ORDERED that Assistant Federal Public Defender Scott T. Varholak is hereby appointed to represent Defendant for the limited purpose of the proposed modification of conditions of supervised release, by Magistrate Judge Kathleen M. Tafoya on 3/7/14. (sgrim) (Entered: 03/07/2014) |
| 03/10/2014 | 52 | | NOTICE OF ATTORNEY APPEARANCE: Scott Thomas Varholak appearing for Brian Von Behren (Varholak, Scott) (Entered: 03/10/2014) |
| 03/12/2014 | 53 | | NOTICE OF ATTORNEY APPEARANCE Valeria Neale Spencer appearing for USA. (Spencer, Valeria) (Entered: 03/12/2014) |
| 03/14/2014 | 54 | | PETITION AND ORDER for Issuance of Summons Due to Violations of Supervised Release as to Brian Von Behren by Judge Robert E. Blackburn on 03/14/14. (jhawk, ) (Entered: 03/14/2014) |
| 03/19/2014 | 55 | | MINUTE ORDER as to Brian Von Behren. On Friday, March 21, 2014, commencing at 10:00 a.m., the court shall conduct a hearing on the request for modification of conditions of supervised release. By Judge Robert E. Blackburn on 3/19/2014. (klyon, ) (Entered: 03/19/2014) |
| 03/19/2014 | 56 | | NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: Jennifer M. Mardosz has failed to register for electronic case filing in violation of local rules and procedures of the court. Counsel is advised that the failure to register for CM/ECF within 10 days of the date of this docket entry may lead to action by the court. (mfred) (Entered: 03/19/2014) |
| 03/19/2014 | 57 | | Summons Issued as to Brian Von Behren setting Supervised Release Petition Hearing on 3/21/2014 at 10:00 a.m. in courtroom A1001 before Judge |

| | | | |
|---|---|---|---|
| | | | Robert E. Blackburn. (klyon, ) (Entered: 03/19/2014) |
| 03/19/2014 | 58 | | MOTION for Order *to Limit Scope of March 21 Hearing* by Brian Von Behren. (Varholak, Scott) (Entered: 03/19/2014) |
| 03/19/2014 | 59 | | Summons Returned Executed on 3/19/14 as to Brian Von Behren. (lbump, ) (Entered: 03/19/2014) |
| 03/19/2014 | 60 | | RESTRICTED PRESENTENCE REPORT as to Brian Von Behren (lbump, ) (Entered: 03/19/2014) |
| 03/20/2014 | 61 | | MOTION to Withdraw as Attorney by Jennifer Mardosz by USA as to Brian Von Behren. (Attachments: # 1 Proposed Order (PDF Only))(Spencer, Valeria) (Entered: 03/20/2014) |
| 03/20/2014 | 62 | | MINUTE ORDER: The court will address defendant's Motion to Limit Scope of March21 Hearing at the hearing set March 21, 2014, at 10:00 a.m. By Judge Robert E. Blackburn on 3/20/2014. (klyon, ) (Entered: 03/20/2014) |
| 03/20/2014 | 63 | | RESPONSE to Motion by USA as to Brian Von Behren re 58 MOTION for Order *to Limit Scope of March 21 Hearing* (Spencer, Valeria) (Entered: 03/20/2014) |
| 03/20/2014 | 64 | | MEMORANDUM regarding 61 MOTION to Withdraw as Attorney by Jennifer Mardosz filed by USA. Motion referred to Magistrate Judge Michael E. Hegarty. By Judge Robert E. Blackburn on 3/20/2014. Text Only Entry. (klyon, ) (Entered: 03/20/2014) |
| 03/20/2014 | 65 | | ORDER granting 61 Motion to Withdraw. Jennifer M. Mardosz withdrawn from case as to Plaintiff. By Magistrate Judge Michael E. Hegarty on 3/20/2014. (cpear) Modified on 3/20/2014 (cpear) to correct text. (Entered: 03/20/2014) |
| 03/21/2014 | 66 | | MINUTE ENTRY for Modification of Supervised Release/Motion Hearing held before Judge Robert E. Blackburn as to Brian Von Behren on 3/21/2014. The defendant's Motion to Limit Scope of March 21 Hearing [#58] is GRANTED; the Petition for for Modification on Supervised Release [#54] is GRANTED IN PART, DENIED IN PART; the conditions of supervised release are modified; that by April 11, 2014, the defendant may file a motion regarding conditions of supervised release; that by April 25, 2014, the government and the probation department shall file responses to the defendant's anticipated motion; that portion of the Petition to Modify [#54], that is deferred, and the defendant's anticipated motion to modify is set for 5/13/2014 10:00 AM in Courtroom A1001 before Judge Robert E. Blackburn. Hearing concluded. Court Reporter: Tracy Weir. (kfinn) (Entered: 03/21/2014) |
| 04/11/2014 | 67 | | Objection –*Combined Objection to Incorporation Of RSA, Inc. Contract Into Terms Of Supervised Release And Motion To Modify Conditions Of Supervised Release* by Brian Von Behren (Varholak, Scott) (Entered: 04/11/2014) |
| 04/25/2014 | 68 | | MOTION for Leave to Restrict by USA as to Brian Von Behren. (Attachments: # 1 Proposed Order (PDF Only))(Spencer, Valeria) (Entered: 04/25/2014) |

| 04/25/2014 | 69 | | RESTRICTED DOCUMENT – Level 2: as to Brian Von Behren. (Spencer, Valeria) (Entered: 04/25/2014) |
| 04/25/2014 | 70 | | RESTRICTED DOCUMENT – Level 2: as to Brian Von Behren. (Attachments: # 1 Attachment One, # 2 Attachment Two)(Spencer, Valeria) (Entered: 04/25/2014) |
| 04/29/2014 | 71 | | MINUTE ORDER as to Brian Von Behren. The supervised release violation hearing set May 13, 2014, is VACATED and is CONTINUED to May 28, 2014, at 2:30 p.m. By Judge Robert E. Blackburn on 4/29/2014. (klyon, ) (Entered: 04/29/2014) |
| 05/02/2014 | 72 | | RESTRICTED DOCUMENT – Level 2. (klyon, ) (Entered: 05/02/2014) |
| 05/02/2014 | 73 | | ORDER granting 68 Motion for Leave to Restrict as to Brian Von Behren (1). By Judge Robert E. Blackburn on 5/2/2014. Text Only Entry. (klyon, ) (Entered: 05/02/2014) |
| 05/28/2014 | 74 | | MINUTE ENTRY for Revocation of Supervised Release held before Judge Robert E. Blackburn as to Brian Von Behren on 5/28/2014. Argument presented. A Telephonic Setting Conference is set for 6/3/2014 10:15 AM to set this matter for further proceedings. Hearing continued. Court Reporter: Mary George. (kfinn) (Entered: 05/29/2014) |
| 06/03/2014 | 75 | | MINUTE ORDER as to Brian Von Behren. On July 25, 2014, commencing at 1:30 p.m., the court will continue the supervised release violation hearing for this defendant. By Judge Robert E. Blackburn on 6/3/2014. (klyon, ) (Entered: 06/03/2014) |
| 06/27/2014 | 76 | | MINUTE ORDER as to Brian Von Behren. The sentencing portion of thesupervised release violation hearing set July 25, 2014, is VACATED and isCONTINUED. On July 16, 2014, commencing at 11:00 a.m., the court shall conduct atelephonic setting conference to reset this hearing. By Judge Robert E. Blackburn on 6/27/2014. (klyon, ) (Entered: 06/27/2014) |
| 07/16/2014 | 77 | | MINUTE ORDER as to Brian Von Behren: The sentencing portion of the Revocation of Supervised Release is set for 8/22/2014 01:30 PM in Courtroom A1001 before Judge Robert E. Blackburn. By Judge Robert E. Blackburn on 7/16/2014. (trlee, ) (Entered: 07/16/2014) |
| 08/22/2014 | 78 | | MINUTE ORDER as to Brian Von Behren: The hearing set Friday, August 22,2014, is VACATED. A Status Conference set for 8/28/2014 02:30 PM in Courtroom A1001 before Judge Robert E. Blackburn. By Judge Robert E. Blackburn on 8/22/2014. (trlee, ) (Entered: 08/22/2014) |
| 08/26/2014 | 79 | | ORDER concerning petition for modification of terms of supervised release as to Brian Von Behren, by Judge Robert E. Blackburn on 8/26/2014. (trlee, ) (Entered: 08/26/2014) |
| 08/28/2014 | 80 | | MINUTE ENTRY for Status Conference held before Judge Robert E. Blackburn as to Brian Von Behren on 8/28/2014. Hearing concluded. Court Reporter: Tracy Weir. (kfinn) (Entered: 08/28/2014) |
| 09/29/2014 | 81 | | MOTION for Order *that He may have Supervised Contact with His Sister without Violating Supervised Release and Defendant's Objection to Incorporation of RSA Inc Requirement that Defendant Have no Contact with* |

| | | | |
|---|---|---|---|
| | | | *His Sister into the Conditions of His Supervised Release* by Brian Von Behren. (Attachments: #1 Exhibit A)(Varholak, Scott) (Entered: 09/29/2014) |
| 09/30/2014 | 82 | | MINUTE ORDER as to Brian Von Behren. On or before October 13, 2014, the government and the probation department shall file a response to Defendant's Objection to Incorporation of RSA, Inc. Requirement That Defendant Have No Contact With His Sister Into The Conditions of His Supervised Release and Motion For Order That He May Have Supervised Contact With His Sister Without Violating Supervised Release [#81] by Judge Robert E. Blackburn on 09/30/14. (jhawk, ) (Entered: 09/30/2014) |
| 10/14/2014 | 83 | | RESPONSE to Motion by USA as to Brian Von Behren re 81 MOTION for Order *that He may have Supervised Contact with His Sister without Violating Supervised Release and Defendant's Objection to Incorporation of RSA Inc Requirement that Defendant Have no Contact with His Sister into the Conditions of His Supervised Release* (Spencer, Valeria) (Entered: 10/14/2014) |
| 10/15/2014 | 84 | | MINUTE ORDER as to Brian Von Behren: Replies due by 10/29/2014 re 81 Motion for Order *that He may have Supervised Contact with His Sister without Violating Supervised Release and Defendant's Objection to Incorporation of RSA Inc Requirement that Defendant Have no Contact with His Sister into the Conditions of His Supervised Release.* By Judge Robert E. Blackburn on 10/15/2014. (alowe) Modified deadline type on 10/15/2014 (alowe). (Entered: 10/15/2014) |
| 10/24/2014 | 85 | | REPLY to Response to Motion by Brian Von Behren re: 81 MOTION for Order *that He may have Supervised Contact with His Sister without Violating Supervised Release and Defendant's Objection to Incorporation of RSA Inc Requirement that Defendant Have no Contact with His Sister into the Conditions of His Supervised Release* (Varholak, Scott) (Entered: 10/24/2014) |
| 12/23/2014 | 86 | | Emergency MOTION for Order *That He Not Be Required To Submit To Sexual History Polygraph On January 12, 2015* by Brian Von Behren. (Varholak, Scott) (Entered: 12/23/2014) |
| 12/24/2014 | 87 | | MINUTE ORDER That on or before December 31, 2014, the government shall file a response to Defendants Emergency 86 Motion for Order That He Not Be Required To Submit to Sexual History Polygraph on January 12, 2105, filed December 23, 2014. That on January 5, 2015, commencing at 10:30 a.m., the court SHALL CONDUCT a hearing on the motion, if necessary; and That counsel for the government and for defendant shall appear without further notice or order, by Judge Robert E. Blackburn on 12/24/2014. (evana, ) (Entered: 12/24/2014) |
| 12/29/2014 | 88 | | FPD MOTION for Issuance of Subpoena in Forma Pauperis by Brian Von Behren. (Attachments: #1 Order, #2 Attachment, #3 Attachment)(Varholak, Scott) (Entered: 12/29/2014) |
| 12/29/2014 | 89 | | ORDER granting 88 FPD Motion for Issuance of Subpoena in Forma Pauperis as to Brian Von Behren. By Judge Robert E. Blackburn on 12/29/2014. (athom, ) (Entered: 12/29/2014) |

| 12/31/2014 | 90 | | RESPONSE to Motion by USA as to Brian Von Behren re 86 Emergency MOTION for Order *That He Not Be Required To Submit To Sexual History Polygraph On January 12, 2015* (Spencer, Valeria) (Entered: 12/31/2014) |
|---|---|---|---|
| 01/05/2015 | 91 | | MINUTE ENTRY for Motion Hearing held before Judge Robert E. Blackburn as to Brian Von Behren on 1/5/2015. Hearing concluded. Court Reporter: Tracy Weir. (rebsec) (Entered: 01/05/2015) |
| 01/09/2015 | 92 | | ORDER STAYING SEXUAL HISTORY POLYGRAPH REQUIREMENT re: 86 Defendant's Emergency Motion for Order that He Not be Required to Submit to Sexual History Polygraph on January 12, 2015 as to Brian Von Behren (1). The sexual history polygraph requirement applicable to the defendant is STAYED pending further order of this court. By Judge Robert E. Blackburn on 1/9/2015. (alowe) (Entered: 01/09/2015) |
| 01/27/2015 | 93 | | ORDER CONCERNING SEXUAL HISTORY POLYGRAPH REQUIREMENT as to Brian Von Behren: Defendant's 86 Emergency Motion for Order that He Not be Required to Submit to Sexual History Polygraph on 1/12/215 is DENIED. By Judge Robert E. Blackburn on 1/27/2015. (alowe) (Entered: 01/27/2015) |
| 01/27/2015 | 94 | | NOTICE OF APPEAL to the Tenth Circuit as to 93 Order by Brian Von Behren. (Varholak, Scott) (Entered: 01/27/2015) |
| 01/27/2015 | 95 | | MOTION for Order Staying *Order Concerning Sexual History Polygraph Requirement [Doc. 93] and Any Requirement that Mr. Von Behren Submit to a Sexual History Polygraph Pending Appeal* by Brian Von Behren. (Varholak, Scott) (Entered: 01/27/2015) |
| 01/28/2015 | 96 | | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the 94 Notice of Appeal as to Brian Von Behren to the U.S. Court of Appeals. ( FPD) (Attachments: # 1 Docket Sheet, # 2 Preliminary Record) (alowe) (Entered: 01/28/2015) |
| 01/28/2015 | 97 | | USCA Case Number as to Brian Von Behren 15–1033 for 94 Notice of Appeal filed by Brian Von Behren. (alowe) (Entered: 01/29/2015) |
| 01/29/2015 | 98 | | MINUTE ORDER as to Brian Von Behren: ORDERED that by February 4, 2014, the government SHALL FILE a response to the 95 motion. By Judge Robert E. Blackburn on 1/29/2015. (tscha, ) (Entered: 01/29/2015) |
| 01/30/2015 | 99 | | NOTICE *of Polygraph Schedule* by Brian Von Behren (Varholak, Scott) (Entered: 01/30/2015) |
| 01/30/2015 | 100 | | DESIGNATION OF RECORD ON APPEAL re 94 Notice of Appeal by Brian Von Behren. (Attachments: # 1 Criminal Docket Sheet)(Varholak, Scott) (Entered: 01/30/2015) |
| 01/30/2015 | 101 | | TRANSCRIPT ORDER FORM re 94 Notice of Appeal by Brian Von Behren. (Attachments: # 1 Copy of Signed Authorization for Payment of Transcript)(Varholak, Scott) (Entered: 01/30/2015) |
| 01/30/2015 | 102 | | TRANSCRIPT ORDER FORM re 94 Notice of Appeal by Brian Von Behren. (Attachments: # 1 Copy of Signed Authorization for Payment of Transcript)(Varholak, Scott) (Entered: 01/30/2015) |

| 02/02/2015 | 103 |    | ORDER of USCA as to Brian Von Behren re 94 Notice of Appeal. The motion to substitute counsel within the office of the Federal Public Defender is granted. Attorney John T. Carlson is hereby substituted for Scott T. Varholak as counsel of record for the appellant. (USCA Case No. 15–1033) (alowe) (Entered: 02/02/2015) |
|------------|-----|----|----|
| 02/04/2015 | 104 | 14 | RESPONSE to Motion by USA as to Brian Von Behren re 95 MOTION for Order Staying *Order Concerning Sexual History Polygraph Requirement [Doc. 93] and Any Requirement that Mr. Von Behren Submit to a Sexual History Polygrah Pending Appeal* (Spencer, Valeria) (Entered: 02/04/2015) |
| 02/05/2015 | 105 |    | MINUTE ORDER as to Brian Von Behren re: 95 Motion for Order Staying *Order Concerning Sexual History Polygraph Requirement [Doc. 93] and Any Requirement that Mr. Von Behren Submit to a Sexual History Polygraph Pending Appeal*. Replies due by 2/12/2015. By Judge Robert E. Blackburn on 2/5/2015. (alowe) (Entered: 02/05/2015) |
| 02/05/2015 | 106 |    | MOTION for Order *Staying Polygraph Examination Pending Order Court Order on Docket Number 95* by Brian Von Behren. (Varholak, Scott) (Entered: 02/05/2015) |
| 02/05/2015 | 107 |    | NOTICE OF ATTORNEY APPEARANCE: John T. Carlson appearing for Brian Von Behren. (Johnson, David) Modified text on 2/6/2015 to correct attorney (alowe). (Entered: 02/05/2015) |
| 02/05/2015 | 108 |    | ***Duplicate entry of document 107 *** NOTICE OF ATTORNEY APPEARANCE: John T. Carlson appearing for Brian Von Behren (Carlson, John) Modified on 2/6/2015 (alowe). (Entered: 02/05/2015) |
| 02/06/2015 | 109 |    | ***WITHDRAWN PER 110 ORDER*** MINUTE ORDER as to Brian Von Behren re 106 MOTION for Order *Staying Polygraph Examination Pending Order Court Order on Docket Number 95*: Responses due by 2/11/2015. By Judge Robert E. Blackburn on 2/6/2015. (alowe) Modified on 2/6/2015 (alowe). (Entered: 02/06/2015) |
| 02/06/2015 | 110 |    | MINUTE ORDER: The Minute Order [# 109 ] issued by the court today is WITHDRAWN. By 12:00 PM on 2/10/2015, the defendant shall file his reply in support of his 95 Motion for Order Staying *Order Concerning Sexual History Polygraph Requirement [Doc. 93] and Any Requirement that Mr. Von Behren Submit to a Sexual History Polygraph Pending Appeal*. The 106 Motion for Order Staying Polygraph Examination Pending Order of Court on Docket Number 95 is DENIED as moot. By Judge Robert E. Blackburn on 2/6/2015. (alowe) (Entered: 02/06/2015) |
| 02/09/2015 | 111 |    | REPLY BRIEF by Brian Von Behren to 95 Motion for Order Staying *Order Concerning Sexual History Polygraph Requirement [Doc. 93] and Any Requirement that Mr. Von Behren Submit to a Sexual History Polygraph Pending Appeal*. (Varholak, Scott) Modified text and linkage on 2/9/2015 (alowe). (Entered: 02/09/2015) |
| 02/09/2015 | 112 |    | Declaration of Abandonment Waiving All Objections Save the Disputed Polygraph Condition by Brian Von Behren. (Varholak, Scott) Modified event text on 2/9/2015 (alowe). (Entered: 02/09/2015) |
| 02/09/2015 | 113 |    | ***Duplicate Entry of Document 113 *** Motion for Order for |

| | | | |
|---|---|---|---|
| | | | Declaration of Abandonment Waiving All Objections Save the Disputed Polygraph Condition by Brian Von Behren (Varholak, Scott) Modified on 2/9/2015 (alowe). (Entered: 02/09/2015) |
| 02/10/2015 | 114 | | ORDER denying 95 Motion for Order Staying Order Concerning Sexual History Polygraph Requirement [Doc. 93 ] and any Requirement That Mr. Von Behren Submit to a Sexual History Polygraph Pending Appeal as to Brian Von Behren (1). By Judge Robert E. Blackburn on 2/10/2015. (alowe) (Entered: 02/10/2015) |
| 02/11/2015 | 115 | | USCA ORDER as to Brian Von Behren re 94 Notice of Appeal: Appellant has filed an emergency motion for stay pending appeal, seeking an order staying the requirement that he submit to a polygraph test scheduled for today at noon. Appellant has made the necessary showing to warrant entry of a stay. USCA10 therefore grant appellants motion and stay the required polygraph test until further order of this court. (USCA Case No. 15–1033) (alowe) (Entered: 02/11/2015) |
| 02/17/2015 | 116 | | REPORTER TRANSCRIPT ORDER FORM filed by Tracy Weir re 94 Notice of Appeal. Transcript due by 3/16/2015. (nrich) (Entered: 02/17/2015) |
| 02/18/2015 | 117 | | REPORTER TRANSCRIPT ORDER FORM filed by Mary George re 94 Notice of Appeal. Transcript due by 3/4/2015. (nrich) (Entered: 02/18/2015) |
| 03/10/2015 | 118 | | TRANSCRIPT of Continued Hearing on Revocation of Supervised Release as to Brian Von Behren held on May 28, 2014 before Judge Blackburn. Pages: 1–68. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (mgeor) (Entered: 03/10/2015) |
| 03/16/2015 | 119 | | TRANSCRIPT of Petition and Order for Issuance of Summons Due to Violations of Supervised Release as to Brian Von Behren held on 3–21–14 before Judge Blackburn. Pages: 1–85. <br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** <br><br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for |

| | | | |
|---|---|---|---|
| | | | electronic posting on PACER. (tweir, ) (Entered: 03/16/2015) |
| 03/16/2015 | 120 | | TRANSCRIPT of Status Conference as to Brian Von Behren held on 8–28–14 before Judge Blackburn. Pages: 1–9.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (tweir, ) (Entered: 03/16/2015) |
| 03/16/2015 | 121 | | TRANSCRIPT of Emergency Hearing on Docket #86 as to Brian Von Behren held on 1–5–15 before Judge Blackburn. Pages: 1–43.<br><br>**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br><br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (tweir, ) (Entered: 03/16/2015) |
| 03/17/2015 | 122 | | TRANSMITTAL OF RECORD ON APPEAL as to Brian Von Behren to the U.S. Court of Appeals for the Tenth Circuit as to 94 Notice of Appeal filed by Brian Von Behren. Volume I – Electronic Pleadings; Volume II – Restricted Document Level 2; Volume III – PSR Documents; Volume IV – Transcripts of Continued Hearing on Revocation of Supervised Release held on 5/28/2014 (90 Day Restriction); Volume V – Transcript of Petition and Order for Issuance of Summons Due to Violations of Supervised Release held on 3/21/2014 (90 Day Restriction); Volume VI – Transcript of Status Conference held on 8/28/2014 (90 Day Restriction); Volume VII – Transcript of Emergency Hearing on Docket #86 held on 1/5/2015 (90 Day Restriction). (USCA Case No. 15–1033). Text Only Entry (alowe) (Entered: 03/17/2015) |
| 06/18/2015 | 123 | | MINUTE ORDER as to Brian Von Behren Final Hearing re Revocation of Supervised Release set for 7/31/2015 08:30 AM before Judge Robert E. Blackburn. by Judge Robert E. Blackburn on 6/18/2015. (mlace, ) (Entered: 06/18/2015) |
| 07/31/2015 | 124 | | MINUTE ENTRY for Modification of Supervised Release held before Judge |

| | | | |
|---|---|---|---|
| | | | Robert E. Blackburn as to Brian Von Behren on 7/31/2015. Defendant's conditions were modified as reflected on the record. Hearing concluded. Court Reporter: Tracy Weir. (kfinn) (Entered: 07/31/2015) |
| 08/06/2015 | <u>125</u> | | ORDER Modifying Conditions of Supervision as to Brian Von Behren. By Judge Robert E. Blackburn on 8/6/2015. (mlace, ) (Entered: 08/06/2015) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Criminal Case No: 04-cr-00341-REB-01**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**BRIAN VON BEHREN,**

      **Defendant.**

---

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER STAYING
ORDER CONCERNING SEXUAL HISTORY POLYGRAPH REQUIREMENT [DOC. 93]
AND ANY REQUIREMENT THAT MR. VON BEHREN SUBMIT TO A SEXUAL
HISTORY POLYGRAPH PENDING APPEAL [DOC. 95]**

---

The United States of America, by United States Attorney John F. Walsh, and through Assistant United States Attorney Valeria Spencer, hereby files its response, objecting to Defendant's Motion for Order Staying Order Concerning Sexual History Polygraph Requirement [Doc. 93] and any Requirement that Mr. Von Behren Submit to a Sexual History Polygraph Pending Appeal [Doc. 95] (Defendant's Motion").

**I.    Background**

As noted in Defendant's Motion, the Court and the parties are familiar with the history of this case.  Following extensive briefing and oral argument from both parties, the Court issued an Order on January 27, 2015, that requires the Defendant to submit to a sexual history polygraph.  Later that day, the Defendant filed a Notice of Appeal from the Court's Order.  Defendant now moves that the Court's Order be stayed

pending the outcome of the appeal. For the reasons discussed below, the Government

requests that the Defendant's Motion be denied.

## II.    Argument

Defendant correctly identifies the factors that must be considered when

determining whether a motion to stay an order should be granted:

(a)    the basis for the district court's or agency's subject matter jurisdiction and the basis for the court of appeals' jurisdiction, including citation to statutes and a statement of facts establishing jurisdiction;

(b)    the likelihood of success on appeal;

(c)    the threat of irreparable harm if the stay or injunction is not granted;

(d)    the absence of harm to opposing parties if the stay or injunction is granted; and

(e)    any risk of harm to the public interest.

10th Cir. R. 8.1.

### A.  Basis for subject matter jurisdiction

The Government agrees that this Court has jurisdiction over Defendant's Motion

and that the Tenth Circuit has jurisdiction over any appeal pursuant to 28 U.S.C. §

1291.

### B.  Likelihood of success on appeal

The Supreme Court requires that the party moving for a stay of a district court's

order must demonstrate "a strong likelihood of success on appeal."  *See Hilton v.*

*Braunskill*, 481 U.S. 770, 778 (1987).  In accord with the reasoning of this Court's

January 27, 2015 Order [Doc. 93], the government does not believe the defendant has

a likelihood of success on appeal, let alone a strong likelihood.  Although the Court

acknowledged that answering "yes" to two of the four questions would be an indication

of criminal liability, the Court correctly concluded that such answers would not be self-

incriminating because the risk of prosecution was too remote.

In *Minnesota v. Murphy*, the Supreme Court indicated that the risk of prosecution must be considered in determining whether a statement is, in fact, self-incriminating. 465 U.S. 420, 435 (1984) ("The result may be different if the questions . . . call for answers that would incriminate [a probationer] *in a pending or later criminal prosecution*." (emphasis added)). In the instant case, the polygrapher at Amick and Jenks stated that after conducting over 47,000 polygraph exams since 1978, he had not once been contacted by law enforcement about any statements resulting from the exams, even when heinous facts were revealed. And as this Court elucidated, even if law enforcement were to obtain such statements from the treatment provider, RSA, the information would be too general and vague to lead to prosecution. Consider, for instance, Question 1 from the sexual history polygraph pre-exam:

1. After the age of 18, did you engage in sexual activity with anyone under the age of 15?

If the answer is "yes," the person taking the exam would only be required to answer one follow-up question, which in this case would be, "how many?" What if the examinee was 70 years old and had lived all over the country for the last fifty years? What if he had committed the sex offenses in Alaska when he was 20? Armed with only a "yes" answer and a number, law enforcement would not even know where to begin an investigation. Without sufficient information to trigger an investigation, a prosecution would not even be conceivable.

Given (1) the extremely low likelihood that answers elicited by the polygraph examination would end up in the hands of law enforcement, and (2) the extremely low likelihood that such general information would lead to a prosecution even if possessed

by law enforcement, there is no real and appreciable risk of self-incrimination to Defendant.

In addition, the Tenth Circuit will likely conclude that Defendant's Fifth Amendment complaint is premature.[1]  At this point, Defendant has not been compelled to make any incriminating statements.  In *U.S. v. Mike*, the Tenth Circuit found that the appellant's Fifth Amendment argument was meritless because he "ha[d] yet to make any incriminating statements. Because no incriminating statements ha[d] been made, the Fifth Amendment [was] not implicated." 632 F.3d 686, 687 (10th Cir. 2011) (citing *United States v. Zinn*, 321 F.3d 1084, 1091-92 (11th Cir. 2003), which similarly rejected the appellant's Fifth Amendment argument because he had not yet been compelled to give incriminating statements).

Presented with very similar factual scenarios, other circuits have also decided that appellants' Fifth Amendment arguments were not ripe.  *See, e.g., U.S. v. York*, 357 F.3d 14, 24 (1st Cir. 2004) ("York cannot mount a generalized Fifth Amendment attack on the conditions of his supervised release on the ground that he will be required to answer probation officers' questions truthfully.); *U.S. v. Manning*, 476 Fed. App'x 104, 105 (8th Cir. 2012) (citing *Zinn* and *York*).

Only the Ninth and the Fifth Circuits have held that a probationer's Fifth Amendment rights were violated when he was compelled to give incriminating statements during a treatment program's polygraph exam—but in both cases, the probationer's statements actually were used against him in a subsequent criminal

---

[1] The government acknowledges that this Court decided in its initial August 26, 2014, Order that Mr. Von Behren's Fifth Amendment claim was ripe.  *See* Document 79 at 9-11.  In its January 27, 2015, Order however, the Court reversed its conclusion upon analyzing the specific questions at issue: "I conclude that the mandatory questions do not present an unconstitutional risk of incrimination."  *See* Document 93 at 15 n.4. If Mr. Von Behren cannot incriminate himself by answering the questions at issue, then he cannot raise a Fifth Amendment complaint and, thus, the issue cannot be ripe.

proceeding.  *See U.S. v. Bahr*, 730 F.3d 963, 965 (9th Cir. 2013); *Bohannan v. Doe*, 527 Fed. App'x 283, 295 (5th Cir. 2013) (not selected for publication in the Federal Reporter).

In summary, Defendant's Fifth Amendment complaint is premature because he has not yet been required to give any incriminating statements.  Even if he were required to give statements, however, the statements would not be incriminating because there is no real and appreciable risk that such statements would ever lead to prosecution.  Accordingly, Defendant has a low likelihood of success on appeal.  Because the defendant cannot satisfy this most-important factor, his motion should fail on this basis alone.  Nonetheless, the government will address the remaining three factors.

### C.  The threat of irreparable harm

Defendant claims that the harm is great because if the stay is not granted, he will be forced to take the polygraph examination and answer questions that could incriminate him.  Given that Defendant obviously believes he has a valid Fifth Amendment right not to answer the questions, however, his counsel will certainly advise him to continue refusing.  Thus, in reality, Defendant will not suffer the harm he claims if the stay is not granted.

### D.  The absence of harm to opposing parties

The Government, on the other hand, will be harmed if the stay is granted.  The Government has a legitimate interest in appropriately and effectively treating sex offenders such as Defendant who are living in the community.  Polygraph testing has proven itself as an indispensable treatment tool for many years; that is why Colorado's

Sex Offender Management Board (SOMB) requires state-certified treatment providers to administer such exams. If the stay the Defendant seeks is granted, a new precedent will be set; from now until the appeal of the instant case is resolved (which could take years), any competent defense attorney will counsel her client not to answer the questions associated with the polygraph examination. As a result, these offenders will be terminated from the state-approved treatment program and they, too, will face a likely revocation of probation.[2] In Colorado, at least on the federal side, the supervised release treatment program for sex offenders as we know it will come to a grinding halt. There are no sex offender treatment providers within Colorado who are not SOMB certified. The defendant may assert he will undergo treatment through a private provider, but it will not be sex offender-specific, a crucial component to supervision within the community, as well as a specific condition of his supervised release. As there is no other option for treatment, then the government will be burdened with prosecuting a slew of offenders who have violated the terms of their supervised release and must be revoked. This would obviously burden the federal courts as well.

### E. Risk of harm to the public interest

The potential harm to the public interest is the same as the potential harm to government, except more acute. It is certainly not in the public's interest to foreclose or, at the very least, substantially delay effective treatment to sex offenders. The granting of this stay will set a precedent that could do just that. And in this specific case, if the stay is granted and Defendant is not required to submit to the required polygraph exam

---

[2] RSA has affirmed that they will terminate Mr. Von Behren from treatment if he refuses to take the polygraph currently scheduled for February 11, 2015. RSA conferred with SOMB about any other possible steps it could take and reached the same conclusion: any sex offender enrolled in its (and any other SOMB certified treatment provider's) program must complete the polygraphs. RSA opined it will terminate Mr. Von Behren on February 17, 2015 (at its next staffing meeting after the refusal), or upon entry of a stay or order enjoining the polygraph requirement.

pending his appeal, he will be terminated from RSA.  At that point, the public will have to deal with a sex offender who has not received state-mandated, effective treatment. Then he will either continue to coexist with the public without treatment until the appeal is decided, or he will be returned to prison on a revocation of his supervised release. The Government opposes any scenario that permits the Defendant to stay in the community without receiving sex-offender specific treatment and will seek a remand to prison.

### III.  CONCLUSION

As all four of the substantive factors discussed above weigh against granting a stay, this Court should deny Defendant's Motion for an order staying the sexual history polygraph.  Further the Court should not enter an order enjoining any requirement that Defendant submit to a sexual history polygraph.

Dated this 4th day of February, 2015.

JOHN W. WALSH
United States Attorney

BY:  *s/ Valeria Spencer*
Valeria Spencer
Assistant U.S. Attorney
United States Attorney's Office
District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202
(303) 454-0100  Phone
(303) 454-0409  Fax
E-mail: Valeria.Spencer@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of February, 2015, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR ORDER STAYING ORDER CONCERNING SEXUAL HISTORY POLYGRAPH REQUIREMENT [DOC. 93] AND ANY REQUIREMENT THAT MR. VON BEHREN SUBMIT TO A SEXUAL HISTORY POLYGRAPH PENDING APPEAL [DOC. 95]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John T. Carlson
E-mail: John_Carlson@fd.org


s/Amanda Doyle
AMANDA DOYLE
Legal Assistant
U.S. Attorney's Office
District of Colorado
1225 17th Street, Suite 700
Denver, Colorado 80202
(303) 454-0100 Phone
(303) 454-0409 Fax
E-mail: Amanda.Doyle2@usdoj.gov